IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE AIM GROUP INC. and
GRANITE GROUP INTERNATIONAL,
INC.,

    Plaintiffs,

v.                                                Case No. 3:11cv258/MCR/CJK

CWW, INC. and
RONALD NEWCOMB,

    Defendants.
_____/

### ORDER

Upon consideration of the Report and Recommendation of the Magistrate Judge filed on August 31, 2012, pursuant to 28 U.S.C. § 636(b)(1)(B), and after reviewing the Recommendation and the record,[1] the Recommendation is adopted in part and rejected in part as follows.

    1.    The findings articulated in the magistrate judge's report and recommendation with regard to the appropriateness of a default judgment are adopted and incorporated by reference in this order.

    2.    The court disagrees in part with the damages calculation set forth in the recommendation. Although the court agrees that the benefit-of-the-bargain measure of damages is appropriate in this instance, as concluded in the recommendation, *see Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1466 (11th Cir. 1989), the court disagrees with the magistrate judge's finding of lost profits in the amount of $1,700,000, because this amount is not based on any record evidence established with reasonable certainty but is simply

---

[1] The parties were given an opportunity to file objections, but no timely objections were filed. Mail sent to Defendant Ronald Newcomb was returned as undeliverable.

stated in the prayer for relief of the second amended complaint.[2] Absent supporting evidence in the record, the court cannot rely on this amount as the measure of lost profits under a benefit-of-the-bargain analysis. *See Massey-Ferguson, Inc. v. Santa Rosa Tractor Co.*, 415 So. 2d 865, 867 (Fla. 1st DCA 1982) (stating lost future profits are allowed as a measure of damages if they "can be established with reasonable certainty" by some measurable standard or data); *see also James Crystal Licenses, LLC v. Infinity Radio, Inc.*, 43 So. 3d 68, 73 (Fla. 4th DCA 2010) (stating "an award of lost profits cannot be based on mere speculation or conjecture" but must be shown by competent evidence "sufficient to satisfy the mind of a prudent, impartial person as to the amount.") (internal marks omitted). The court finds that the declaration of CEO Mark Barati presents the correct method of calculation to determine the profit lost from the bargain, and it is based on competent evidence; however, the court also finds that Barati overstates the amount of tonnage guaranteed by the contract, and thus his calculation overstates the lost benefit of the bargain.[3] The contract expressly warranted that the seller was the owner of the barges, that the tonnage available for salvage from the barges ranged from 8,000 to 12,000 tons, and stated if a minimum of 8,000 tons was not obtained from the barges, the seller would replace the barges from his own inventory or refund a portion of the purchase price (equal to $100 per ton up to the 8,000 ton minimum). CEO Barati calculated the lost benefit of the bargain using the maximum possible tonnage under the contract (12,000 tons) instead of the minimum guaranteed (8,000 tons), which the court finds overstated the amount of damages. The court, however, accepts Barati's testimony on the resale value of steel at the time, the amount of costs expended, and the entire cost of the salvage under a contract with Inland Towing Marine. Using these figures and the minimum guaranteed amount of

---

[2] Additionally, the prayer for relief did not request $1,700,000 as lost profits. The second amended complaint requested: (a) damages for lost profits in an amount in excess of $800,000; (b) payment of all economic losses, compensatory, consequential or incidental damages in an amount in excess of $1,700,000; (c) an award of costs and reasonable attorneys' fees as allowed in the contract; (d) an award of punitive damages; and (e) pre- and post-judgment interest. (Doc. 35).

[3] CEO Barati's calculation begins with 12,000 tons of salvaged steel multiplied by the price per ton. (doc. 64-1, at 3).

*Case No: 3:11cv258/MCR/CJK*

salvageable steel, the lost profit from the benefit-of-the-bargain calculation is as follows:

> 8,000 tons x $462/ton=$3,696,000 gross revenues,
> Minus $100/ton as the agreed price of the barges, or $800,000 contract price,
> Minus total costs expended for vendors and employees, $487,606.32,
> Minus cost of salvage, $134/ton x 8,000 tons, or $1,072,000,
> For a total lost benefit-of-the-bargain of $1,336,393.68.
>
> [$3,696,000 - $800,000 - $487,606.32 - $1,072,000 = $1,336,393.68]

Additionally, although the magistrate judge recommends awarding the amount paid on the contract as well as the lost benefit of the bargain, the court concludes that this would unjustly enrich the plaintiffs by placing the plaintiffs in a better position than they would have been in had the deal transpired as agreed. The cost of the entire contract is already taken into account in the determination of lost profits or the benefit of the bargain because it would have been necessary for the plaintiffs to pay the full contract price in order to have realized the profits or benefit of the bargain lost through the defendants' fraud and breach.[4] The court adopts the finding that plaintiffs are entitled to prejudgment interest on the award from the date of the contract at the rates established by Florida law.[5]

The court adopts the finding that a punitive damages award in the amount of $250,000 is appropriate. The award is supported by the evidence and is not excessive. Therefore, the plaintiffs are entitled to benefit-of-the-bargain damages in the amount of $1,336,393.68, plus prejudgment interest at the rates set forth in Florida law beginning November 4, 2010, and punitive damages the amount of $250,000.

3. The court adopts the recommendation that the plaintiffs are entitled to an

---

[4] Alternatively, the court could award the plaintiffs out-of-pocket expenses, which would permit recovery of the $500,000 paid on the contract and $487,606.32 in costs expended, for a total of $987,606.32. Notwithstanding, the court has determined that it is appropriate to award the plaintiffs the benefit of the bargain, but no more is required to make the plaintiffs whole. *See Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. 4th DCA 2010) ("An injured party may recover either the out-of-pocket loss or the benefit of the bargain loss.").

[5] The applicable interest rates are 6% from November 4, 2010, through September 30, 2011, and 4.75% from October 1, 2011 through the date of judgment.

*Case No: 3:11cv258/MCR/CJK*

award of attorneys' fees pursuant to the contract. However, the court finds no record support for an award in the amount of $13,390, other than CEO Barati's bare statement that the court should award this amount. A portion of this claimed amount is admittedly a mere estimate. The record does not yet contain the evidence required under this court's local rule. *See* N.D. Fla. Loc. R. 54.1(E). Plaintiffs shall have fourteen (14) days to file the proof required for an award of attorneys' fees, and final judgment with the calculation of prejudgment interest will be entered at that time.

Accordingly,

1. The magistrate judge's report and recommendation is adopted in part and rejected in part, and incorporated by reference in part, consistent with this order, and the Motion for Default Judgment (docs. 57 & 64) is GRANTED.

2. AIM Group Inc. and Granite Group International, Inc. are awarded damages in the amount of $1,336,393.68, plus prejudgment interest at the rates set forth in Florida law beginning November 4, 2010, to be determined on the date of judgment; punitive damages in the amount of $250,000; and attorneys' fees in an amount yet to be determined.

3. Plaintiffs shall have fourteen (14) days to file proof of attorneys' fees.

DONE AND ORDERED this 28th day of November, 2012.

*M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE